**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

THE PUEBLO OF SANTA CLARA, and
SANTA CLARA DEVELOPMENT CORPORATION,

    Plaintiff,

                                     Case No. _____

v.

HONORABLE SARAH SINGLETON, District
Judge, New Mexico First Judicial District,
Division II, in her official capacity;
and BRYANNA BIRD-MARTINEZ,

    Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs the Pueblo of Santa Clara and Santa Clara Development Corporation ("SCDC"), for their complaint against the Defendants allege as follows:

### INTRODUCTION

This is an action for injunctive and declaratory relief by which Plaintiffs seek, pursuant to 42 U.S.C. § 1983 (SCDC), and 28 U.S.C. § 2201 (Santa Clara Pueblo), (1) an order prohibiting Defendant Judge Sarah Singleton from exercising jurisdiction over the case captioned *Bryanna Bird-Martinez v. Santa Clara Development Corp. d/b/a Santa Claran Hotel Casino, a Santa Clara Pueblo owned business, and Horizon Scripted Television, a Delaware corporation,* No. D-101-CV-2016-01052; and (2) a declaration that the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.*, does not permit the shifting of jurisdiction from tribal courts to state courts over private personal injury lawsuits brought against tribes or tribal entities with respect to claims arising within Indian country, and that thus the New Mexico state courts do not have jurisdiction over the *Bird-Martinez* lawsuit.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question), 1362 (action brought by Indian tribe), and 28 U.S.C. § 1343 (protection of civil rights).

2. Venue is proper under 28 U.S.C. § 1391(b), inasmuch as all the actions from which the claims arise occurred or are occurring within the District of New Mexico.

## PARTIES

3. Plaintiff Pueblo of Santa Clara ("Pueblo") is a federally-recognized Indian tribe located in Rio Arriba County, New Mexico.

4. Plaintiff SCDC is a tribally chartered corporation wholly owned by the Pueblo of Santa Clara, doing business on the Santa Clara Indian Reservation in the State of New Mexico. SCDC is the Pueblo's "Gaming Enterprise."

5. Defendant Judge Sarah Singleton is a New Mexico state district court judge, sitting in Division II of the First Judicial District (Santa Fe County), who is currently presiding over a civil lawsuit captioned *Bryanna Bird-Martinez v. Santa Clara Development Corp. d/b/a Santa Claran Hotel Casino, a Santa Clara Pueblo owned business, and Horizon Scripted Television, a Delaware corporation,* No. D-101-CV-2016-01052 (the "*Bird-Martinez* lawsuit").

6. Defendant Bryanna Bird-Martinez is the plaintiff in the *Bird-Martinez* lawsuit.

## STATEMENT OF FACTS

7. SCDC operates the Santa Claran Casino ("Casino"), located on Santa Clara Pueblo land, and thus within Santa Clara Indian country, under the terms of a class III gaming compact entered into between the Pueblo and the State of New Mexico ("Compact") pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721 (1994) ("IGRA"), specifically § 2710(d), which Compact

was approved by the Secretary of the Interior and was in effect at the time of the accident alleged by Ms. Bird-Martinez.[1]

8. Ms. Bird-Martinez alleges that on or about April 27, 2015, Horizon Scripted Television was filming on Casino premises and had strung electrical cables across sections of the Casino floor. Ms. Bird-Martinez alleges that she tripped and fell over a section of such cables. Ms. Bird-Martinez further alleges that as a result of the trip and fall, she sustained personal injuries to her right wrist and shoulder and to her left knee.

9. Ms. Bird-Martinez filed the *Bird-Martinez* lawsuit against SCDC pursuant to Section 8(A) of the Compact.

10. In Section 8(A) of the Compact[2], the Pueblo agreed to waive its sovereign immunity for personal injury claims alleged to have been proximately caused by the conduct of the Pueblo's Gaming Enterprise, brought by visitors to the casino, and agreed to proceed with such claims in binding arbitration or "in a court of competent jurisdiction." Section 8(A) provides, in part, that "any such claim [for personal injury] may be brought in state district court, including claims arising on tribal land, *unless it is finally determined by a state or federal court that IGRA does not permit the shifting of jurisdiction over visitors' personal injury suits to state court*." 2007 Compact, § 8(A) (emphasis added).

11. IGRA does allow the parties to a class III gaming compact to agree to apply "the criminal and civil laws and regulations of the . . . State that are directly related to, and necessary for, the

---

[1] The Compact in effect at the time of Ms. Bird-Martinez's alleged accident was the 2007 version. In late 2015, the Pueblo and the State entered into a new compact, the 2015 Compact. The 2015 amendments are not material here.

[2] Section 8(A) was not substantively revised when the Compact was amended in 2015.

licensing and regulation of [gaming]," and it further allows the parties to allocate "criminal and civil jurisdiction between the tribe and the state necessary for the enforcement of such laws and regulations." 25 U.S.C. § 2710(d)(3)(C)(i), (ii). There is no other language in IGRA permitting the shifting of jurisdiction between the tribe and the state, and in particular, nowhere does IGRA permit the shifting of jurisdiction over private personal injury suits to state court.

12. Absent congressional legislation to the contrary, state courts may not exercise jurisdiction over suits against Indian tribes, tribal members, or tribal entities arising from alleged wrongs committed within Indian country; nor may a tribe, whether unilaterally or by agreement with a state, validly agree to any such shift in jurisdiction, and the attempted exercise of such jurisdiction by state courts directly undermines "the authority of tribal courts over Reservation affairs," and thus infringes on "the right of [the Pueblo] to govern [itself]." *Williams v. Lee*, 358 U.S. 217, 223 (1959).

13. Accordingly, New Mexico state courts do not have subject matter jurisdiction over lawsuits against tribes or tribal entities that arise on tribal land, including the suit brought by Ms. Bird-Martinez against SCDC.

## COUNT I: VIOLATION OF CIVIL RIGHTS
(Claim by SCDC against Judge Singleton)

14. Judge Singleton, in presiding over the *Bird-Martinez* lawsuit, is acting under color of state law, and without jurisdiction over the subject matter of the lawsuit.

15. Judge Singleton's actions in presiding over the *Bird-Martinez* lawsuit have deprived SCDC of its liberty interest secured by the due process clause of the 14th Amendment to the U.S. Constitution to have the *Bird-Martinez* lawsuit tried in a court that has jurisdiction over the subject matter.

16. The deprivation of SCDC's right to have its case heard in a court that has subject matter jurisdiction constitutes an injury for which injunctive relief is the only suitable remedy.

### COUNT II: DECLARATORY JUDGMENT
**(Claim by Santa Clara Pueblo against Judge Singleton and Ms. Bird-Martinez)**

17. Judge Singleton, in presiding over the *Bird-Martinez* lawsuit, and Ms. Bird-Martinez, in pursuing her claims in state court, are infringing on the right of the Pueblo to exercise jurisdiction over reservation affairs through its tribal court.

18. Therefore, an actual and justiciable conjtroversy exists between the Pueblo on one side and Judge Singleton and Ms. Bird-Martinez on the other.

WHEREFORE, Plaintiffs respectfully request that this Court issue an order:

1. Declaring that the Indian Gaming Regulatory Act does not permit the shifting of jurisdiction from tribal courts to state courts over personal injury lawsuits brought against tribes or tribal gaming enterprises, for alleged wrongs arising or occurring within Indian country, and that thus, the New Mexico state courts do not have jurisdiction over lawsuits such as the *Bird-Martinez* lawsuit;

2. Enjoining Defendant Judge Singleton from exercising jurisdiction over the *Bird-Martinez* lawsuit, and enjoining Ms. Bird-Martinez from pursuing claims in state court; and

3. Granting such other and further relief as the Court deems just and appropriate in the premises.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
  DAHLSTROM, SCHOENBURG & BIENVENU, LLP


By:     */s/ Richard W. Hughes October 31, 2016*
        Richard W. Hughes
        Donna M. Connolly
        P.O. Box 8180
        1215 Paseo De Peralta
        Santa Fe, NM 87504-8180
        (505) 988-8004
        *Attorneys for Plaintiffs Pueblo of Santa Clara and*
        *Santa Clara Development Corp.*